NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

———————————

**JERRY A. GRAY,**
*Claimant-Appellant,*

v.

**ERIC K. SHINSEKI, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee.*

———————————

2010-7127

———————————

Appeal from the United States Court of Appeals for Veterans Claims in case no. 08-1878, Judge Alan G. Lance, Sr.

———————————

Decided: March 10, 2011

———————————

JERRY A. GRAY, of Chesapeake, Virginia, pro se.

KENNETH S. KESSLER, Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent-appellee. With him on the brief were TONY WEST, Assistant Attorney General, JEANNE E. DAVIDSON, Director, and HAROLD D. LESTER, JR., Assistant Director. Of counsel on the brief

was DAVID J. BARRANS, Deputy Assistant General Counsel, United States Department of Veterans Affairs, of Washington, DC.

———————————

Before RADER, *Chief Judge*, MOORE, and O'MALLEY, *Circuit Judges*.

PER CURIAM.

Mr. Jerry A. Gray appeals the decision of the United States Court of Appeals for Veterans Claims ("Veterans Court"), affirming the Board of Veterans' Appeals' ("Board's") denial of his claims for: (1) service connection for osteoarthritis of the low back; (2) service connection for osteoarthritis of the knees; (3) a disability rating in excess of 10% for prostatitis and epididymitis prior to March 15, 2007; (4) a disability rating in excess of 40% for prostatitis and epididymitis from March 15, 2007; (5) a disability rating in excess of 10% for tinea versicolor, tinea pedis, and tinea cruris prior to April 12, 2004; (6) a disability rating in excess of 30% for tinea versicolor, tinea pedis, and tinea cruris from April 12, 2004; (7) a disability rating in excess of 20% for the residuals of a shell fragment wound ("SFW") to the left shoulder and upper back; (8) a compensable rating for a SFW scar of the upper left arm; (9) a compensable rating for a right inguinal hernia; (10) entitlement to an automobile and adaptive equipment or for adaptive equipment only; (11) special home adaptation; (12) specially adapted housing; and (13) special monthly compensation ("SMC") based on the need for aid and attendance. *Gray v. Shinseki*, No. 08-1878, 2010 U.S. App. Vet. Claims LEXIS 1188 at *1-2 (Ct. Vet. App. Jun. 30, 2010). Because Mr. Gray disputes only factual matters, or, at most, the Veterans Court's application of law to the facts of his case, we *dismiss* for lack of jurisdiction.

BACKGROUND

Mr. Gray served in the United States Marine Corps from November 8, 1966 to September 26, 1969. During the course of his service, he participated admirably in numerous expeditions in Vietnam, including one in the Quang Nam Province where he sustained a missile wound to his left arm. A decorated war hero, Mr. Gray has received numerous recognitions for his honorable service, including a Purple Heart.

In January 1970, Mr. Gray was granted service connection for tinea versicolor, tinea cruris, chronic prostatitis, and epididymitis, all rated as 10% disabling. He was also granted service connection for a right inguinal hernia and multiple SFWs of the left upper arm, back, and left shoulder, but these conditions were rated noncompensable. His combined disability rating was 20%. In October 1971, Mr. Gray was granted an increased disability rating of 20% for the residuals of the SFWs of the left shoulder and back, but the residual scar of the left upper arm SFW was rated separately as noncompensable.

A September 1997 rating decision continued the disability ratings for tinea versicolor, tinea cruris, prostatitis, epididymitis, as well as those for the residuals of the left shoulder and back SFW. It denied, however, entitlement to SMC based on the need for aid and attendance or being housebound. In December 2001, a rating decision again continued these disability ratings and affirmed the noncompensable ratings for the residuals of the left upper arm SFW scar and right inguinal hernia. In May 2003, Mr. Gray was denied entitlement to an automobile, adaptive equipment, and SMC based on the need for aid and attendance or being housebound.

Mr. Gray subsequently sought service connection for osteoarthritis of the knees and low back, and an increased

disability rating for conditions previously deemed service-connected. In January 2005, the Department of Veterans Affairs ("VA") Regional Office in Roanoke, Virginia ("RO") increased the disability rating for Mr. Gray's service-connected tinea versicolor, tinea pedis, and tinea cruris to 30%, but denied entitlement to service connection for the osteoarthritis. Mr. Gray appealed this decision to the Board. In August 2005, the RO issued another ratings decision, denying entitlement to a special home adaptation, specially adapted housing, an automobile, adaptive equipment, and SMC based on the need for aid and attendance or being housebound. Mr. Gray appealed this decision to the Board too.

In May 2007, a decision review officer ("DRO") increased Mr. Gray's service-connected prostatitis and epididymitis rating to 40% based on a March 15, 2007 VA examination showing increased symptomatology. The DRO also granted entitlement to SMC under 38 U.S.C. § 1114(s)(1), which provides for SMC where a "veteran has a service-connected disability rated as total," and "has additional service-connected disability or disabilities independently ratable at 60 percent or more."

On April 24, 2008, the Board issued a decision denying Mr. Gray's claims arising from his appeals of the January and August 2005 RO decisions. Mr. Gray appealed the Board's decision to the Veterans Court, which affirmed on June 30, 2010. The Veterans Court entered judgment on July 23, 2010. Mr. Gray timely appealed to this court.

## DISCUSSION

Our jurisdiction to review the decisions of the Veterans Court is limited by statute. *Forshey v. Principi*, 284 F.3d 1335, 1338 (Fed. Cir. 2002). 38 U.S.C. § 7292(a) provides that this court may review the validity of the

Veterans Court's decision on "a rule of law or of any statute or regulation" or "any interpretation thereof" that the Veterans Court relied on in making its decision. Under 38 U.S.C. § 7292(d)(2), however, we may not review: (1) "a challenge to a factual determination" or (2) "a challenge to a law or regulation as applied to the facts of a particular case" unless the challenge presents a constitutional issue.

In his informal brief, Mr. Gray concedes that the Veterans Court's decision involved neither constitutional issues, nor the validity or interpretation of a statute or regulation.[1] His central complaint, rather, consists of his

---

[1]     Notwithstanding this concession, Mr. Gray's supplemental brief contains two complaints that sound in due process. Neither, however, presents a genuine constitutional issue sufficient to confer jurisdiction on this court. His first complaint is that he was not treated as other veterans similarly situated, "especially with [respect to] the earned benefits" that he claims he deserves. Second, Mr. Gray appears to argue that he lost his appeal, and was unfairly treated, because he lacked proper legal representation. As an initial matter, neither of these issues was raised before the Veterans Court, and we ordinarily do not consider arguments raised for the first time on appeal. *Forshey*, 284 F.3d at 1358. Even if we were to consider these complaints at this juncture, moreover, neither presents a true constitutional issue. With respect to the first complaint, Mr. Gray has provided no facts supporting his claim that he was treated worse than other veterans in his position. It is therefore impossible to determine whether the allegedly differential treatment raises any constitutional concerns. As to the second complaint, Mr. Gray does not argue that he was deprived of the opportunity to obtain counsel of his choosing, or that he should have been provided with appointed counsel. He merely claims that he was not "represented by a lawyer who would understand the" relevant law. The fact that Mr. Gray proceeded *pro se*, however, does not in itself raise any constitutional issues.

bare assertion that the RO incorrectly evaluated the records documenting his disabilities. Specifically, Mr. Gray claims that the decisions denying service connection as to certain of his disabilities were "wrong." In other words, Mr. Gray is arguing that the Board's findings of fact regarding whether these disabilities are entitled to service connection were erroneous. He also appears to argue that the factual record before both the Board and the Veterans Court was somehow incomplete, though he fails to point to any specific facts that should have been in the record. As such, Mr. Gray disputes only factual matters, or, at most, the Veterans Court's application of law to the facts of his case. Because we may not review factual determinations or the application of law to facts, Mr. Gray's challenge to the Veterans Court's decision is limited to matters over which we do not have jurisdiction. *Livingston v. Derwinski*, 959 F.2d 224, 226 (Fed. Cir. 1992) ("In the absence of a challenge to the validity of a statute or a regulation, or the interpretation of a constitutional or statutory provision or a regulation, we have no authority to consider the appeal.").

While we recognize that Mr. Gray served his country honorably, and suffers from various ailments, it is not within our discretion to upset the factual determination as to which of his ailments are service-connected. Accordingly, we dismiss Mr. Gray's appeal for lack of jurisdiction.

Each party shall bear its own costs.

**DISMISSED**